

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL


Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

Attention:   Mr. F. L. Wilson

Opinion No. 0-3151
Re:   Can the commissioners'
court legally borrow bond
money from a bonded road
district and purchase a
truck with said money for
the county and later pay
the money back to the road
district out of the gen-
eral fund of the county?

We are in receipt of your request for an opinion
of this department on the above stated question.

We quote from your letter as follows:

"This office would appreciate an opinion
from you in regard to the matters herein set
forth.

"The Commissioner in whose precinct a
designated road district is situated needs
some money to purchase a road truck. The
general funds of the county at this particular
time has not the money, but will have it later
on in the year. The truck purchased will be
the property of the county and not the road
district. The money that the road district
has is money derived from the sale of road
bonds heretofore voted and sold.

"Querry:   Can the Commissioners' Court
legally borrow money from a bonded road dis-
trict, that is, bond money, and purchase a
truck with said money for the county, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

later pay the money back to this road district out of the general fund of the county?

"* * *. We have advised that this borrowing would be a transfer of the fund, and is prohibited by Article 8, Section 9, Constitution of Texas.

"The Commissioners' Court is dissatisfied with this opinion and is appealing to you for your opinion."

You state in your letter as quoted above that the money that the road district has is money derived from the sale of road bonds heretofore voted and sold. It is a well known principle of law that funds or moneys obtained by the sales of bonds must be used and expended only for the purpose for which the bonds were voted and issued, and a diversion of the use of such funds or moneys for a different purpose would be unauthorized. Texas Jurisprudence, Vol. 21, Page 686; (Also see the cases of Aransas County v. Coleman-Fulton Pasture Co., 191 S.W. 553; Heathman v. Singletary, 12 S.W. (2d) 150; Huggins v. Vaden, 259 S.W. 204; and Grayson County v. Harrell, 202 S.W. 160).

In passing upon a similar question, this department held in Opinion No. O-1397 "the commissioners' court is not authorized to allow Road and Bridge Precincts in need of funds to operate pending the collection of current revenues to borrow funds from the Road Bond Account, to supplement their Road and Bridge Fund Account, although such transfer is made with the understanding that such borrowed funds be paid back to the Road Bond Fund out of collections of the borrowing Road and Bridge Precinct during the ensuing year." We are enclosing a copy of this opinion for your information.

You are respectfully advised that it is the opinion of this department that the commissioners' court could not legally use the bond money for the purpose above mentioned.

This opinion is not to be construed as holding that the commissioners' court has legal authority to purchase a truck to be used in connection with the maintenance and construction of public roads of the county and pay for the same out of the general fund of the county, provided said funds were available.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *Ardell Williams*

Ardell Williams
Assistant

AW:RS

APPROVED FEB 18, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN